UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,

        Plaintiff,

v.

Orlando Ray Vasquez,

        Defendant.

No. 11-cr-110 (1) (JNE/SER)
ORDER

---

Defendant Orlando Ray Vasquez was charged by way of a Superseding Indictment with aiding and abetting the February 2011 robbery of a Minneapolis branch of TCF Bank, in violation of 18 U.S.C. §§ 2113(a) and 2, and with escape, in violation of 28 U.S.C. §§ 751(a) and 4082(a). Vasquez pled guilty to both counts; he was sentenced to 151 months imprisonment on the bank robbery count and 60 months imprisonment on the escape count, to be served concurrently. After sentencing, Vasquez filed a direct appeal to the Eighth Circuit Court of Appeals. Before it was decided, however, Vasquez filed a pro se motion to dismiss the appeal, which the Eighth Circuit granted in September of 2014.

In March of 2015, Vasquez filed a motion to vacate his sentence under 28 U.S.C. § 2255, which is currently before the Court. Section 2255 provides a mechanism for a federal defendant like Vasquez to seek post-conviction relief on the grounds that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a).

In his motion, Vasquez raises one ground for relief: that the failure of his attorneys to challenge the jurisdictional basis of the Government's prosecution of the bank robbery charge –

1

namely, the federally-insured status of TCF Bank – constitutes ineffective assistance of counsel in violation of his Sixth Amendment rights.  Vasquez indicates that he instructed his attorneys in both the district court and on direct appeal to make such a challenge, but they both refused.

The motion is meritless. Eighteen U.S.C. § 3231 grants "[t]he district courts of the United States . . . original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."  And it is an offense against the laws of the United States to rob "any institution the deposits of which are insured by the Federal Deposit Insurance Corporation."  18 U.S.C. §§ 2113(a), (f).  All of the federal courts to have considered the issue, including the Eighth Circuit in an unpublished opinion, have upheld the bank robbery statute as a valid exercise of Congress' power under the Commerce Clause.  *See U.S. v. Robinson*, 389 F.3d 582, 594 (6th Cir. 2004); *U.S. v. Watts*, 256 F.3d 630, 634 (7th Cir. 2001); *U.S. v. Spinello*, 265 F.3d 150, 158 (3rd Cir. 2001); *U.S. v. Kluver*, 242 F.3d 377, 2000 WL 1705073 (8th Cir. Nov. 15, 2000) (unpublished); *U.S. v. Harris*, 108 F.3d 1107, 1109 (9th Cir. 1997).

In Vasquez's case, the Superseding Indictment – as had the initial Indictment before it – specifically alleged that the deposits of the TCF Bank were insured by the FDIC at the time of the robbery in February of 2011.  By pleading guilty to that count, Vasquez admitted that fact and relieved the Government of its burden to prove it.[1]  *See Mack v. U.S.*, 853 F.2d 585, 586 (8th Cir. 1988) ("A guilty plea admits factual allegations in the indictment that form the basis for federal jurisdiction.").  What's more, Vasquez specifically conceded, both in the written plea agreement that was filed with the Court and verbally while under oath at his Change of Plea hearing, that the TCF Bank was federally-insured at the time of the robbery.  And, if any doubt

---

[1]   Vasquez explicitly states, in a letter to the Court that he attached to his motion, that he is not seeking to withdraw his guilty plea.  Vasquez Letter of March 5, 2015, ECF No. 306-1 at 14 ("Im [sic] respectfully notifying the courts that I dont [sic] withdraw my plead [sic] of guilt within said 2255 application . . . .").

about the matter remained, Vasquez's own submissions in support of his § 2255 motion indicate that the TCF Bank was federally-insured at the time of the robbery in February of 2011.  *See* FDIC Letter of April 16, 2013, ECF No. 306-1 at 9-10 (response to Vasquez's FOIA request by counsel for FDIC's FOIA/Privacy Act Group stating that TCF Bank "became insured by the FDIC on March 25, 1936 and remained insured through March 1, 2011, to the present" and that the Minneapolis location that was robbed "is an open and operating, FDIC-insured branch of the headquarters office").

Vasquez's claim of ineffective assistance thus fails.  His attorneys neither performed unreasonably nor caused him any prejudice by refusing his demands that they raise a meritless jurisdictional challenge before this Court and the Eighth Circuit.  *See Rodriguez v. U.S.,* 17 F.3d 225, 226 (8th Cir. 1994) ("[C]ounsel's failure to raise a meritless argument cannot constitute ineffective assistance.").  Vasquez's motion is therefore denied.  *See Engelen v. United States,* 68 F.3d 238, 240-41 (8th Cir. 1995) (explaining that a § 2255 motion "can be dismissed without a hearing if (1) the [movant's] allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact") (citations omitted).

Under 28 U.S.C. § 2253(c), an appeal may not be taken from a final order denying a § 2255 motion without a certificate of appealability, which "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  As here, "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Vasquez has not demonstrated that reasonable jurists would find the rejection of his constitutional claims debatable or wrong. The Court therefore declines to issue a certificate of appealability.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant Vasquez's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 306] is DENIED.

2. A certificate of appealability is DENIED.

Dated: April 28, 2015

s/Joan N. Ericksen  
JOAN N. ERICKSEN  
United States District Judge