UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Orlando Ray Vasquez,

        Defendant.

Case No. 11-cr-110 (JNE/DTS) (1)

ORDER

      This matter is before the Court upon Defendant's motion to withdraw his request for compassionate release. ECF No. 405. For the reasons discussed below, the Court grants Defendant's motion to withdraw the request for release.

      On April 27, 2021, Defendant moved this Court for compassionate release from custody under 18 U.S.C. § 3582(c)(1)(A), arguing that the COVID-19 pandemic created dangerous prison conditions amounting to "extraordinary and compelling" reasons for release. ECF No. 389. Defendant is concurrently serving a 151-month sentence for aiding and abetting bank robbery and a 60-month sentence for escape. ECF No. 268 at 1. Defendant asked the Court to appoint counsel to assist him pursuant to 18 U.S.C. § 3006A.[1] ECF No. 388 at 1, 4-5. The government obtained an extension of its deadline to respond to the motion for compassionate release. ECF No. 395. Defendant

---

[1] The Court notes that Defendant has no constitutional or statutory right to counsel when pursuing a sentence reduction under 18 U.S.C. § 3582(c). *United States v. Meeks*, 971 F.3d 830, 833 (8th Cir. 2020); *United States v. Harris*, 568 F.3d 666, 669 (8th Cir. 2009) (noting district courts' discretion to appoint counsel where a Defendant is not entitled to representation).

subsequently filed an additional motion for the appointment of counsel, seeking representation solely "for compassionate release hearings." ECF No. 396. He also filed a "Motion to Expedite Government's Motion for Extension," asking the Court to accelerate its consideration of the compassionate release matter. ECF No. 398.

The government opposed Defendant's motion for compassionate release. ECF No. 400. It argued that Defendant had failed to show that he had exhausted administrative remedies before seeking relief from this Court; that Defendant had not shown any extraordinary and compelling reasons to reduce his sentence; and that Defendant's extensive criminal history rendered compassionate release inappropriate. *Id.* at 15.

Defendant recently filed a "Motion to Withdraw & Dismiss from Compassionate Release," asking the Court to "dismiss this compassionate release case" without stating an explanation for reversing course. ECF No. 405. The Court grants this request and terminates the motion for compassionate release. Therefore, the Court denies as moot Defendant's requests for counsel, as Defendant requested counsel only to pursue compassionate release. The Court also denies as moot Defendant's motion to expedite.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant's Motion to Withdraw and Dismiss [ECF No. 405] is GRANTED.

2. The Clerk of Court is directed to TERMINATE Defendant's Motion for Compassionate Release from Custody [ECF No. 389].

3. Defendant's Motions to Appoint Counsel [ECF No. 388; ECF No. 396] are DENIED.

4. Defendant's Motion to Expedite [ECF No. 398] is DENIED.

Dated: September 1, 2021

s/ Joan N. Ericksen<br>JOAN N. ERICKSEN<br>United States District Judge